MEMORANDUM *
Attorney Michael J. McCabe (Mr. McCabe) appeals the district court’s imposition of a $10,000 monetary sanction for making material misrepresentations in connection with his representation of a criminal defendant.
Assuming without deciding that there was a joint defense agreement among defense counsel, that agreement would not relieve Mr. McCabe of his duty of candor. See United States v. Thoreen, 653 F.2d 1332, 1340-41 (9th Cir.1981) (noting the seriousness of misrepresentations to the court). Mr. McCabe’s misrepresentations were material because the district court’s inquiry into the potential intimidation of the government witness was aborted. See id. (“Making misrepresentations to the fact finder is inherently obstructive because it frustrates the rational search for truth. It may also delay the proceedings.”). The record supports a finding that Mr. McCabe’s representations were made in bad faith or that his conduct was “tantamount to bad faith.” Mendez v. County of San Bernardino, 540 F.3d 1109, 1131 (9th Cir.2008).
The district court held hearings where Mr. McCabe was afforded the opportunity to present evidence and witnesses and argue his position. Because Mr. McCabe has raised no objection to the amount of the sanctions, the procedure used, or the structure of the proceedings, we conclude that the district court acted within its discretion in imposing monetary sanctions against Mr. McCabe under its inherent authority. See B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107-09 (9th Cir.2002), as amended (sanctioning defense counsel under the court’s inherent power); see also Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir.2001) (same).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.